IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANIEL SCOTT JACKSON                                                    PLAINTIFF

          v.                              CIVIL NO. 13-5139

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Daniel Scott Jackson, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

### I.      Procedural Background:

Plaintiff protectively filed his current applications for DIB and SSI on September 21,

2010, alleging an inability to work since September 13, 2009, due to back pain.  (Tr. 110, 117,

137).  An administrative hearing was held on March 8, 2012, at which Plaintiff appeared with

counsel and testified. (Tr. 21-42).

By written decision dated April 26, 2012, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr.10).

Specifically, the ALJ found Plaintiff had the following severe impairments: a disorder of the

back, and hypertension. However, after reviewing all of the evidence presented, the ALJ

AO72A
(Rev. 8/82)

determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 11). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> occasionally lift/carry 10 pounds and frequently less, stand/walk for 2 hours during an 8-hour workday, sit for 6 hours during an 8-hour workday, and occasionally climb, balance, kneel, stoop, crouch, and crawl.

(Tr. 11). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a production and assembly worker, a charge account clerk, and a sorter/checker/examiner. (Tr. 15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 29, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10,11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

AO72A
(Rev. 8/82)

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents his from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work

-3-

experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) the ALJ erred in his analysis and credibility findings in regard to Plaintiff's subjective complaints of pain; 3) the ALJ erred in determining Plaintiff could perform his past relevant work; and 4) the ALJ erred in determining Plaintiff retained the RFC to perform a full range of light work. The Court noted Plaintiff's arguments will be discussed out of sequence below.

**A.    Combination of Impairments:**

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 9). The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 11). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

**B.    Subjective Complaints and Credibility Analysis[1]:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily

---

[1] The Court notes that Plaintiff referenced a Mr. Doudna when discussing the ALJ's credibility findings regarding Plaintiff. (Doc. 10, p. 7). The Court believes this was a typographical error.

-4-

activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  A review of the record revealed that Plaintiff completed a Function Report on October 19, 2010, wherein he indicated that he spent his time taking care of his children; helping with his father's cattle; taking care of his personal needs; preparing meals; walking and driving; shopping for food and clothes for his children; and reading and attending church.  (Tr. 154-161).  Plaintiff testified at the administrative hearing that he worked on his father's cattle and turkey farm for about two hours a day.  (Tr. 31).  The record further revealed that during the relevant time period Plaintiff was able to work on a turkey feeder, use a tractor, move a television and washing machine, play golf, and walk around on a junk pile at the farm.  (Tr. 213, 239, 274, 327, 388, 393).  The medical evidence revealed that Plaintiff reported to Dr. John Kendrick that he was able to perform activities of daily living and that his pain medication controlled his pain.  (Tr. 417, 420, 423).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he was unable to engage in any gainful activity during the relevant time

AO72A
(Rev. 8/82)

period.   Accordingly, the Court concludes that substantial evidence supports the ALJ's

conclusion that Plaintiff's subjective complaints were not totally credible.

### C.       The ALJ's RFC Determination[2]:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §

404.1545(a)(1). It is assessed using all relevant evidence in the record. Id.  This includes medical

records, observations of treating physicians and others, and the claimant's own descriptions of

his limitations.   Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v.

Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain

are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of

Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a

medical question."  Lauer v. Apfel,  245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's

determination concerning a claimant's RFC must be supported by medical evidence that

addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642,

646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's

limitations and to determine how those limitations affect his RFC."  Id.

"The [social security] regulations provide that a treating physician's opinion ... will be

granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable

clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial

evidence in [the] record.'"  Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir.2000) (citations

omitted).  An ALJ may discount such an opinion if other medical assessments are supported by

---

[2]The Court notes that in Plaintiff's brief Plaintiff argues that the ALJ erred in determining Plaintiff could perform
a full range of light work, and later that the ALJ erred in determining Plaintiff could perform less than a full range
of light work. (Doc. 10, pps. 2, 8). The Court notes the ALJ did not find Plaintiff could perform light work.

-6-

superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2))

After reviewing the entire record, the Court finds that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision.  The Court notes that in determining Plaintiff could perform sedentary work, the ALJ specifically discussed the relevant medical records, and the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions.  Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

With regard to Dr. Kendrick's assessment dated March 20, 2012, indicating that Plaintiff could perform less than sedentary work, the ALJ clearly specified what weight he gave to Dr. Kendrick's opinion and the basis for discounting the portion of the assessment that was inconsistent with both Dr. Kendrick's treating notes, as well as the record as a whole.  Davidson v. Astrue, 501 F.3d 987, 990-91 (8th Cir. 2007) (finding ALJ correctly discounted a physician's assessment report when his treatment notes contradicted the report).  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

AO72A
(Rev. 8/82)

**D.      Hypothetical Question to the Vocational Expert[3]:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).   Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that during the relevant time period Plaintiff's impairments did not preclude him from performing work as a production and assembly worker, a charge account clerk, and a sorter/checker/examiner.   Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.   Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.   The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 9th day of July, 2014.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[3]The Court notes that in his appeal brief Plaintiff argues that the ALJ erred in determining that Plaintiff could return to his past relevant work. (Doc. 10, p. 2). The Court notes that the ALJ did not find Plaintiff was able to perform his past relevant work.

AO72A
(Rev. 8/82)